**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIAM VONRUSTEN,

Plaintiff,

Case No. 12-10549
Hon. Gerald E. Rosen

v.

JUDGE LINDA DAVIS and
JUDGE VIVIANO,

Defendants.
_________________________________/

**JUDGMENT OF DISMISSAL UNDER 28 U.S.C. § 1915(e)(2)(B)**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on February 29, 2012

PRESENT: Honorable Gerald E. Rosen
Chief Judge, United States District Court

In his *pro se* complaint in this case, Plaintiff William VonRusten seeks an award of $550,000 in damages from two state court judges, alleging that these judges violated his federal constitutional rights in the course of state court criminal proceedings. Accompanying Plaintiff's complaint was an application to proceed *in forma pauperis,* which the Court has now granted. Having reviewed the allegations of Plaintiff's now-filed complaint, the Court finds that this suit must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) as "seek[ing] monetary relief against a defendant who is immune from such relief," and under § 1915(e)(2)(B)(ii) for "fail[ure] to state a claim on which relief may be granted."

Under 28 U.S.C. § 1915(e)(2)(B), upon permitting a plaintiff to proceed *in forma pauperis,* the Court nevertheless is directed to "dismiss the case at any time if the court determines," *inter alia,* that the plaintiff's complaint "seeks monetary relief against a defendant who is immune from such relief," or if the complaint "fails to state a claim on which relief may be granted." In this case, Plaintiff's complaint fails to withstand scrutiny on either of these grounds. First, Plaintiff's request for an award of damages against the Defendant state court judges runs directly afoul of the judicial immunity enjoyed by these Defendants, which broadly protects them against suits brought under 42 U.S.C. § 1983 and seeking to recover for alleged violations of federal constitutional rights. *See Stern v. Mascio,* 262 F.3d 600, 606 (6th Cir. 2001); *Kircher v. City of Ypsilanti,* 458 F. Supp.2d 439, 446 (E.D. Mich. 2006). To the extent that Plaintiff's *pro se* complaint could be construed as seeking an award of injunctive relief, and not just money damages, such an award is precluded under the express terms of § 1983 itself. *See Massey v. Stosberg*, No. 04-5344, 136 F. App'x 719, 720 (6th Cir. Feb. 8, 2005); *Kircher*, 458 F. Supp.2d at 447-48.

Next, even assuming Plaintiff's federal constitutional claims against the two Defendant state court judges were not barred by judicial immunity, these claims would be subject to dismissal on at least two other grounds. First, to the extent that Plaintiff's claims implicate the lawfulness of his criminal convictions or resulting incarceration, he cannot recover damages under § 1983 absent a showing that the challenged conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372 (1994). Second, Plaintiff is precluded under the *Rooker-Feldman* doctrine from using the present suit as a vehicle for complaining of adverse rulings by the Defendant state court judges or injuries allegedly resulting from state court judgments. *See Kircher*, 458 F. Supp.2d at 448-49; *Leach v. Manning*, 105 F. Supp.2d 707, 713 (E.D. Mich. 2000). Rather, to the extent that Plaintiff was dissatisfied with the rulings of the Defendant judges, his proper recourse was to challenge these rulings before the Michigan appellate courts. Against this backdrop, Plaintiff has failed to state a viable claim against the Defendant judges named in his complaint.

Accordingly, for these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that this case is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which the Court may grant relief, and under § 1915(e)(2)(B)(iii) as seeking monetary relief against defendants who are immune from such relief.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: February 29, 2012

I hereby certify that a copy of the foregoing document was served upon William Vonrusten, 14427 Peck Drive, Warren, Michigan 48088 on March 1, 2012, by ordinary mail.

s/Ruth A. Gunther
Case Manager